is a member of the Board of Trustees of the U.S. Department of State.  He If there's no further questions, do you have a question, Your Honor? No, not yet. Okay, thank you. Thank you, Your Honor. May it please the Court. My name is Julie Fleur. I represent the United States. As Judge Sykes stated, this statute outlaws the sexual exploitation of children. That's what it is titled. It outlaws the use of a minor to engage in sexually explicit conduct. And sexually explicit conduct is defined under 18 U.S.C. 2256. So sexually explicit conduct in this case includes masturbation and the lascivious exhibition of the defendant's genitals. There's no question that's sexually explicit conduct. What if the defendant engages in sexually explicit conduct and the child is off camera? Well, then it wouldn't be—so the crime is— Still using the child under your definition. Yes, that is correct. She's sleeping off camera. But the crime is producing a picture of the entire interaction. How do you get that from the text? Well, so— You seem to concede that the child has to be pictured, but your definition of use does not require that. Well, but the law says any person who uses a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. So the minor has to be involved in that conduct. Right, but the visual image doesn't have to include the child under your definition. You said as long as the child—your definition is as long as the child is the object of the defendant's fantasy, that's good enough for using. So the child can be off camera according to your definition. How is that intuitively correct here? Well, I think when you read the law as a whole, right, what you need is someone who uses a child to engage in sexually explicit conduct and then produces a visual depiction of the conduct that includes the child. I think when you read the law as a whole, it means the child must be in the picture. And I understand your concern, Your Honor, with that would be a closer call, but that's not this case. No, understood, but you're asking for an interpretation that would include just what my hypothetical depicts. Your interpretation would include what I've just posited as a hypothetical. And I think the answer to that— And you're resisting it. Well, I think the answer is that when you read the statute as a whole and it says that the visual depiction is of such conduct— Well, right, because you're focusing on the defendant's conduct. All that's important is the defendant's conduct and the object of his conduct, not what's happening to the child. And the statute, according to the defendant's interpretation, focuses on what's happening to the child. My best answer, Your Honor, is that in the government's point of view, when you read it as an entirety, because it says you're producing a visual depiction of the use of a child, of the employment of a child, of the persuading of a child, the child has to be in the picture. We wouldn't argue that a child could be out of the picture and it would be child pornography. But that's what your definition of use encompasses. As long as the child is being used as an object of sexual desire, even if off-camera. Well, if that's— In the same room, off-camera. On the playground, he's in the car. Then that's good enough. If you stick just to defining the word use, that would be correct. But I'm saying in our interpretation, if you look at the entire statute where it says there must be a visual depiction of such conduct, and the conduct is using a minor to engage in, you have to have a picture of the use of the minor to engage in. You can't have a picture of just the defendant. So while the government does stick with that definition of use, I think when you put it back— So it is a child pornography statute. Well, you can call it that. And in fact, the government routinely does. Yes, we do. Because for ease of—that's what people commonly call it. So it's not a general child exploitation statute. Well, okay, if you say what the defense says is that Congress sought to criminalize the sexual abuse of kids, right? But child pornography could also be a child in the bathroom being videotaped. They're not being sexually abused. It is the defendant's intent and purpose that is criminalized, not sexual abuse of children. It is what the defendant's perversion makes that image into. So that is sexual exploitation more than, as the defendant put it, sexual abuse. I don't think the law is limited to just sexually abusing children. I don't know if that answered your question. What did he plead guilty to? He pled guilty to distribution and possession of child pornography but not production. That's all? Yes. And was there a sentence on that? Did there be a distinction? No, the sentences all ran concurrent. Okay. Did I answer your question? Would you address the questions that I raised in Mr. Bugney's argument about the government's litigating position about whether Video No. 2, if we accept the defendant's interpretation of the statute, whether Video No. 2 could qualify under a proper jury instruction? Assuming we accept the defendant's interpretation of the statute, that the government's interpretation of the word used in the statute is overbroad, that the word has to be read in the context of the other words in the statute, induces, persuades, entices, coerces, et cetera, which requires that the child be in some sexually explicit pose or activity, would Video No. 2, because that involved a sexual touching that was at least arguably an attempt at oral sex, or so a reasonable jury might conclude if properly instructed. And the government did consider that argument, but we felt that it was more properly the lascivious exhibition of the defendant's genitals. That's clearly what it is. Okay. So if we reject your interpretation of the statute, then it's Rule 29 as a matter of law. Well, I mean, we didn't argue that, and we can't argue that here. We didn't argue it was attempted oral intercourse because we forfeited that argument because we thought this was a more proper argument. Okay. So if we accept the defendant's interpretation of the statute, then these charges are thrown out. The conviction is vacated, and we instruct the district court to dismiss these two charges. So if what you're asking is the defendant wants the definition of the jury instruction. Do you want a new trial under different jury instructions? Right. That's the question. His jury instruction. On video number two. His jury instruction would be that there needs to be an active use of the child. So I don't think, even if they got that jury instruction, that wouldn't mean that he wins because many courts have found the act of photography, taking a photo of a child, that in itself is the use. So even if you get the jury instruction that you need an active. Right, and there could be at least a fact-based argument that attempting oral sex on a sleeping child is actively using that child. Yes. But you didn't make that argument. Right. You're not making it here. We are not. You don't want a new trial on those jury instructions on video number two. Right. Okay. So you'd accept a complete loss. But what I'm saying is. Or you have to accept a complete loss at this stage because you didn't preserve these arguments. But what I'm trying to say is, if there's an instruction that you need an active component of use, that that active component can be just the act of taking a photograph. So that's what other courts have held. That whether you, the First, Second, Fourth, Sixth, and Ninth Circuit have interpreted use broadly and said the active component is satisfied if you take a photograph. In those cases, the child was used in a sexually explicit way. You don't have any cases that support you except for the Eighth Circuit's case in Lowe's, which was a plain error review, not very persuasive. So we're writing on a clean slate, but basically here. I mean, the government feels that the Eighth Circuit is a very persuasive case, given that the facts are so similar. The facts are very similar, but it was a plain error review. These arguments were not made. We've got well-preserved arguments here, so we're writing on a clean slate. Your Honor, if I could, I have one minute left. Well, I would have one just as far as what he pleaded guilty to. He hasn't been sentenced on that, I presume. He was sentenced. I don't remember what the sentence was, but it was to run concurrent to his production of child pornography counts. Well, I was only looking at this as a possible enhancement, where it's the judge's decision about whether or not something else should be taken into consideration. But that seems to be already out of the picture. That's right. He was already sentenced on the totality of the behavior. And I think I'm out of time. You go ahead. The government's point of view really, and perhaps you don't agree, but the government's point of view is that really this is a heartland case. I mean, the defense in their brief says that . . . In the district court, you agreed that this pushes the outer edges of the envelope, not that this is a heartland case. That was the district court's position as well. I don't think anybody thinks this is a heartland case. The defendant in his brief says that what he does is totally divorced and devoid, disconnected from this child, and that just couldn't be further from the truth. He is on top of her. He is touching her, and the focus of his masturbation and of the videos is her. He's talking to people about how he wants to be a perv on her. So to say that he is not using her, he is not focused on her, these videos wouldn't exist if she's not there. He is using her in the most basic sense, whether you look at Black's Law Dictionary. Was he clothed or on the floor? He was in a robe, and as he crawled on top of her, he took his robe off, and then so he had the robe on his back and he was naked in front, and his penis was within inches and then touching her. So to say he didn't use her, just in that she . . . Look, this would be a much closer case if she was 10 feet away and he had his back to her and didn't know she was there. We wouldn't be having this same argument, but he was on top of her and using her as a physical object, and the government doesn't see that as some stretch of the word use or some crazy interpretation. It's a very common language argument, and I am over my time, so I will . . . You have something you really want to introduce? I just think that the plain meaning of use, whether you look at . . . The government cites Black's Law Dictionary that says, use is to take advantage of someone for a selfish purpose, and the defendant's brief cites Oxford, which says, use is to make use of in accomplishing a task. He certainly made use of her accomplishing his task of exposing his genitals and masturbating, and then to say, well, she didn't engage in sexually explicit conduct. What makes something sexually explicit? It's the defendant's motivation, right? So if you have a child in a shower, it's not sexually explicit, but when a defendant starts looking at it with his prurient interest and he is sexually aroused by it, that makes it sexually explicit, right? So it's the defendant's . . . Not what's in the defendant's head. What's on the image. Yes, but what's in . . . his motivation is . . . It's what's on the image, whether it constitutes one of the things that falls within the definition of sexually explicit conduct. But if a defendant was taking a picture of a child in a shower completely innocently and it showed a close-up of her vagina, that wouldn't be sexually explicit conduct. That's if it's depicting lascivious display. It's what's on the image that counts, not what's in his head. I mean, he has to intentionally do these things, obviously, but we don't evaluate whether something is or isn't either child pornography or obscenity based on what's in the perpetrator's head. You can focus on different things in a shower. Right. Thank you. Thank you, counsel. I'll give you a couple minutes if you want. Unless the court has any questions, I just wanted to answer Judge Mannion's question. He received ten years concurrent on count three and then five years on each of the separate counts of possession of child pornography, four through seven, unless there's any other questions. Thank you. Thank you, counsel. Thanks to both counsel and the case is taken under advisement.